Kevin RAZZOLI, Appellant

v.

U.S. NAVY; U.S. Parole Commission; U.S. Attorney General Gonzalez; Warden Lackawanna County Prison; Scranton Police Department.

No. 07–2708.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 7, 2007.

Filed Oct. 2, 2007.

Kevin Razzoli, White Deer, PA, pro se.

Michael J. Butler, Office of United States Attorney, Harrisburg, PA, for Appellees.

Before: McKEE, FUENTES and VAN ANTWERPEN, Circuit Judges.

OPINION

PER CURIAM.

In 1987, Kevin Razzoli was convicted of attempted murder and other offenses by a Navy Court Martial and sentenced to 25 years of imprisonment. Pursuant to 10 U.S.C. § 858, he was transferred to the custody of the Federal Bureau of Prisons to serve his sentence. Razzoli has previously been paroled on multiple occasions. On three occasions, Razzoli's parole was revoked because he violated the terms of the parole. Just prior to another parole, his parole date was delayed after an altercation with his case manager. In November 2004, Razzoli filed a petition for habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Middle

District of Pennsylvania regarding the revocation of his parole in 2004. That petition was dismissed and this Court affirmed. *See Razzoli v. FCI Allenwood,* 200 Fed. Appx. 166 (2006).[1]

Razzoli was most recently paroled on July 27, 2006, from USP–Beaumont, Texas. Razzoli again violated parole conditions and a warrant was issued for his arrest. On August 9, 2006, Razzoli pled guilty to disorderly conduct in Lackawanna County Central Court. After serving his state sentence, Razzoli remained in the custody of the Lackawanna County prison as a detainee for his parole violation. On August 28, 2006, the United States Parole Commission provided Razzoli with notice that there would be a hearing to determine whether his parole should be revoked because of the disorderly conduct charge (among other things). Razzoli was transferred to a federal institution in Philadelphia for the hearing, which was conducted in December 2006. At the hearing, Razzoli waived counsel and admitted to the disorderly conduct conviction. The Commission ordered Razzoli's parole revoked due to the conviction on the disorderly conduct charge and sentenced Razzoli to fourteen months of imprisonment with a presumptive parole date of October 3, 2007.

Razzoli thereafter filed the instant *pro se* § 2241 petition in September 2006. Although not a model of clarity, Razzoli's petition appears to allege that he should be released from confinement because: (1) he has not had a naval clemency hearing since the 1990s; (2) he was arrested in 2006 pursuant to a Pennsylvania statute that does not exist; and (3) the 2006 parole revocation proceedings violated his Due Process rights. The District Court dismissed Razzoli's petition, concluding that each of Razzoli's claims was without merit.

The District Court also denied Razzoli's pending motions for declaratory judgment, issuance of subpoenas, suspension of time, expedited evidentiary hearing, and the recusal of the Honorable Edwin M. Kosik.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* a district court's denial of a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Because we find that Razzoli's appeal presents no substantial question, we will summarily affirm the District Court's judgment. *See* Third Circuit L.A.R. 27.4 and I.O.P. 10.6.

█ With respect to Razzoli's claim that his rights have been violated because he has not had a naval clemency hearing since the 1990s, Razzoli raised a similar claim in his prior § 2241 petition. We previously determined that Razzoli is not entitled to annual clemency hearings because he is under the "exclusive jurisdiction" of the Bureau of Prisons and is not entitled to different treatment because he was convicted by a Navy court martial. *See Razzoli,* 200 Fed.Appx. at 168–69 (quoting 10 U.S.C. § 858(a)). Moreover, Razzoli fails to cite any authority in his current petition that supports his position.

We also agree with the District Court that Razzoli's claim that he was illegally arrested pursuant to a statute that does not exist is without merit. Razzoli was arrested for a violation of 18 Pa.C.S. § 3926(a)(4), a statutory section which has been in effect since 1973 and was amended in 1995. Further, Razzoli's assertions in his habeas petition that his arrest pursuant to this state statute constituted illegal retaliation for his filing of unidentified civil rights actions or that defendants main-

---

1. In that case, we determined that Razzoli had committed the attempted murder offense that he was court-martialed for on October 15, 1986. As a result, we determined that his case was governed by the old parole law.

tained false and inaccurate records are not supported by the record.

■ In addition, Razzoli appears to allege that his Due Process rights were violated when the Commission failed to comply with 18 U.S.C. § 4214(a)(1)(A) and various federal regulations. In support of this claim, he alleges that he was entitled to a "fast hearing" within the area of his violation and "access to records [and the ability to] subpoena witnesses who [were] involved with his parole violation." The District Court properly dismissed this claim. Revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Razzoli appears to have received all the process that he was due under *Morrissey*. Further, as the District Court explained, Razzoli was not entitled to the issuance of subpoenas. A revocation hearing is not a forum where a parolee may "relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on the conviction of another crime." *Id.* at 490, 92 S.Ct. 2593. Even assuming *arguendo* that the United States Parole Commission failed to comply with certain procedures, Razzoli fails to explain what prejudice, if any, he has suffered because of the Commission's putative actions. At his hearing before the Commission, Razzoli admitted to a disorderly conduct conviction, and the Commission ordered Razzoli's parole revoked based on this conviction.

Finally, the District Court properly denied Razzoli's motion for the recusal of the Honorable Edwin M. Kosik.[2] A reasonable person knowing all of the circumstances would not harbor doubts about Judge Kosik's impartiality. *See Selkridge*

2. As noted above, the order appealed from also disposed of a number of other motions.

*v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 167 (3d Cir.2004) (quotation omitted).

For these reasons, we will summarily affirm the District Court's judgment. To the extent Razzoli attempts to raise any issues for the first time on appeal, we decline to address them.

We are satisfied that the District Court properly resolved these motions.